IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GILBERTSON | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| UNUM LIFE INSURANCE CO. OF AMERICA | : | NO. 03-5732 |

O'NEILL, J.                                                                                                      JUNE 21, 2005

### MEMORANDUM

In October 2003, plaintiff, David Gilbertson, filed a complaint against defendant, UNUM Life Insurance Company of America, seeking long-term disability benefits. Among other claims, plaintiff asserted a breach of contract claim, fraud and misrepresentation claims, a claim under the Consumer Protection Law, a claim for bad faith, and a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. (2005). Defendant filed a motion to dismiss Counts I - IV (plaintiff's state law claims of breach of contract, fraud and misrepresentation, violation of Consumer Protection Law, and bad faith) arguing that they are preempted by ERISA.

I placed this action in suspense on January 16, 2004, pending the Court of Appeal's disposition of Barber v. UNUM Life Insurance Co. of America, 383 F.3d 134 (3d Cir. 2004). The Court of Appeals has since issued its decision in Barber holding that ERISA preempts Pennsylvania's bad faith statute. Id. at 136. Accordingly, this case has been removed from suspense and I will now dispose of defendant's motion.

FACTS

This case involves a dispute over disability benefits provided to Gilbertson, a landscape architect, by his former employer Robert D. Gilmore & Associates. Gilbertson's employer offered disability insurance through UNUM as a benefit of employment. The employee benefit plan is governed by ERISA.

Gilbertson was employed by Robert D. Gilmore & Associates on January 8, 2001. On April 14, 2001, Gilbertson suffered a subarachnoid hemorrhage and did not return to work. Gilbertson received nine weeks of short term disability payments but was denied long term disability payments on October 16, 2001. UNUM denied long term benefits to Gilbertson reasoning that Gilbertson suffered from a preexisting condition which caused, contributed to, or resulted in the subarachnoid hemorrhage. Gilbertson appealed the denial of long term disability payments and his appeal was denied on April 11, 2002, for the same reasoning.

On October 16, 2003, Gilbertson filed a civil action against UNUM alleging in part four state law claims; (1) breach of contract; (2) fraud and misrepresentation; (3) violations of Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 2d-1 et seq.; and (4) bad faith. Gilbertson also alleged an ERISA claim not at issue here. UNUM moved under Federal Rule of Civil Procedure 12(b)(6) to have the state law claims, Counts I - IV, dismissed arguing that they are preempted by ERISA.

STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss examines the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a 12(b)(6) motion, I must accept as true all well-

pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). "Thus [I will] not grant a motion to dismiss 'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Graves v. Lowery, 117 F.3d 723, 726 (3d Cir. 1997) quoting Conley, 355 U.S. at 45-46. Nevertheless, in evaluating plaintiff's pleadings I will not credit any "bald assertions." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Nor will I accept as true legal conclusions or unwarranted factual inferences. Conley, 355 U.S. at 45-46. A Rule 12(b)(6) motion is proper only if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

## DISCUSSION

UNUM moves to dismiss Counts I - IV, plaintiff's state law claims, arguing that they are preempted by ERISA. "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." Aetna Health, Inc. v. Davila, 542 U.S. 200, ___, 2004 U.S. LEXIS 4571, at *14 (2004). "To this end, ERISA includes expansive pre-emption provisions (see 29 U.S.C. § 1144) which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" Id. quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981).

ERISA's express preemption clause provides that "[e]xcept as provided in subsection (b) of this section, the provisions of this title . . . shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). In other words, a state law is preempted if it "relates to" an employee benefit plan. Pilot Life Ins. Co. v. Dedeaux,

481 U.S. 41, 45 (1987). A law "relates to" an employee benefit plan if it "has a connection with or reference to such a plan." Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989) quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983).

The express preemption provisions of ERISA are "deliberately expansive." Pilot Life, at 46. The "deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." Pilot Life, at 54. Therefore, ERISA generally preempts state laws related to employee welfare benefit plans. 29 U.S.C. § 1144(a); In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999) ("State-law claims that are subject to express preemption are displaced and thus subject to dismissal.").

Count I: Breach of Contract

State law breach of contract claims are preempted by ERISA's express preemption clause when the contract breached is considered an employee benefit plan under ERISA. Pilot Life, at 47 (stating that the common law causes of action asserted, including "Tortious Breach of Contract", "relate to" an employee benefit plan and "therefore fall under ERISA's express pre-emption clause."); Pane, at 635 (3d Cir. 1989) (holding that ERISA preempts state law contract claim which has "connection with or reference to" ERISA covered plan); Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 278 (3d Cir. 2001) ("suits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract," are preempted by ERISA); Miller v. Aetna Healthcare, No. 01-2443, 2001 U.S. Dist. LEXIS 20801, at *4 (E.D. Pa. Dec. 12, 2001) ("Plaintiff's contract claim is for benefits allegedly due under decedent's employee benefit plan and is thus clearly preempted by ERISA.");

Bedger v. AlliedSignal Inc., No. 97-6786, 1998 U.S. Dist. LEXIS 814, at *10 (E.D. Pa. Jan. 23, 1998) (holding that a breach of contract claim related to benefit plan was preempted by ERISA). Gilbertson's breach of contract claim is for benefits allegedly due under an employee benefit plan. Therefore, Gilbertson's state law breach of contract claim is expressly preempted by ERISA.

Count II: Fraud and Misrepresentation

Where, as here, state law fraud and misrepresentation claims relate to an employee benefit plan, such claims are expressly preempted by ERISA. Berger v. Edgewater Steel Co., 911 F.2d 911, 923 (3d Cir. 1990) (holding that ERISA 1144(a) "clearly" preempted an employee's misrepresentation claims since they related to an employee benefit plan). See also Schultze v. Thomas & Betts Corp., No. 94-2088, 1994 U.S. Dist. LEXIS 10851, at *4-5 (E.D. Pa. Aug. 4, 1994) (holding that ERISA preempts claims for breach of contract, misrepresentation, and violations of consumer protection act). Gilbertson's state fraud and misrepresentation claims relate to his employee benefit plan. Therefore, Gilbertson's fraud and misrepresentation claims are expressly preempted by ERISA.

Count III: Consumer Protection Law

Claims that relate to employee benefit plans brought pursuant to the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et. seq., are expressly preempted by ERISA. See Miller, 2001 U.S. Dist. LEXIS 20801, at * 4-5 ("Courts have consistently held that like breach of contract claims, such unfair trade practices and bad faith claims are preempted by ERISA."); Murphy v. Metro. Life Ins. Co., 152 F. Supp. 2d 755, 758 (E.D. Pa. 2001) ("Both plaintiff's statutory law bad faith and consumer protection claims 'relate to' an employee benefit plan and are expressly preempted."); Schultze, 1994 U.S. Dist. LEXIS 10851, at *4-5 (holding that ERISA

preempts claims for breach of contract, misrepresentation, and violations of consumer protection act); Norris v. Cont'l Cas. Co., No. 00-1723, 2000 U.S. Dist. LEXIS 9163, at *4 (E.D. Pa. June 29, 2000); Alberts v. Independence Blue Cross, No. 96- CV-3926, 1996 U.S. Dist. LEXIS 17353 at *3-5 (E.D. Pa. Nov. 22.1996); Clancy v. UNUM Life Ins. Co. of Am., No. 96-1053, 1996 U.S. Dist. LEXIS 14049, at *5-7 (E.D. Pa. Sep. 23, 1996). Gilbertson's Consumer Protection Law claim relates to his employee benefit plan and is therefore expressly preempted by ERISA.

Count IV: Bad Faith

Finally, defendant seeks to dismiss plaintiff's bad faith claim under 42 Pa. C.S. § 8371 based on ERISA preemption.[1] Gilbertson asserts Judge Newcomer's opinion in Rosenbaum v. UNUM Life Insurance Co. of America, No. 01-6758, 2003 U.S. Dist. LEXIS 15652 (E.D. Pa. Sept. 8, 2003) (Rosenbaum II). In Rosenbaum II, Judge Newcomer held that Pennsylvania's bad faith statute: (1) is not subject to express preemption under ERISA because it "regulates insurance" and therefore falls within the parameters of the saving clause;[2] and (2) is not subject to

---

[1] 42 Pa. C.S.§ 8371 provides:
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. (2) Award punitive damages against the insurer. (3) Assess court costs and attorney fees against the insurer.

[2] ERISA's "savings clause" excepts from the express preemption clause laws that "regulate insurance." 29 U.S.C. § 1144(b)(2)(A). A statute "regulates insurance" and thus satisfies the saving clause if it fulfills two conditions. Kentucky Association of Health Plans, Inc. v. Miller, 538 U.S. 329, 341-342 (2003). First, the state law must be "specifically directed toward entities engaged in insurance." Id. Second, the state law must "substantially affect the risk pooling arrangement between the insurer and the insured." Id.

conflict preemption under ERISA.³  Id. at *10-25.

As discussed above, I placed the instant case in suspense pending the outcome of Barber v. UNUM Life Insurance Co., 383 F.3d 134 (2004). Rejecting the reasoning of Rosenbaum II, the Court of Appeals held in Barber that Pennsylvania's bad faith statute did not fulfill the savings clause and thus is expressly preempted by ERISA.⁴  Barber, at 136. Thus, plaintiff's bad faith claim is preempted by ERISA.

Plaintiff nevertheless argues that his bad faith claim should not be dismissed. Specifically, plaintiff argues that although he "recognizes that current Third Circuit law . . . holds that bad faith claims brought pursuant to Pennsylvania law, are preempted by ERISA, under circumstances like those of the instant case[,] [p]laintiff disagrees with the reasoning of the courts cited by

---

³ In contrast, many other federal district courts in Pennsylvania have held that ERISA preempts Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371. See Barber v. UNUM Life Insurance Co., 383 F.3d 134, 138 n.4 (2004) (citing cases from Pennsylvania district courts which held ERISA preempts 42 Pa. C.S.§ 8371).

⁴In Barber, the Court of Appeals applied the Miller two prong test for determining if a statute "regulates insurance" and found that Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371, satisfied the first prong and failed the second. Barber at 141-144. Specifically, the Court held 42 Pa. C.S. § 8371 was (1) "specifically directed towards entities engaged in insurance," but (2) did not "substantially affect the risk pooling arrangement between the insurer and the insured." Barber at 143-144. Thus, Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371 does not "regulate insurance" under the savings clause, and, therefore, is expressly preempted under ERISA. Barber at 144.
    In addition, the Court of Appeals relied on Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), to hold that Pennsylvania's bad faith statute is conflict preempted by ERISA. In Aetna Health, the Supreme Court held that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Id. at ___, citing Pilot Life, at 54-56. In other words, conflict preemption applies to any "state cause of action that provides an alternative remedy to those provided by the ERISA civil enforcement mechanism." Barber at 140, quoting Aetna Health at *24 n.4. Therefore, the Court of Appeals concluded that "even if 42 Pa. C.S. § 8371 were found to 'regulate insurance' under the savings clause, it would still be preempted because the punitive damages remedy supplements ERISA's exclusive remedial scheme." Barber, at 141.

conflict preemption under ERISA.³  Id. at *10-25.

As discussed above, I placed the instant case in suspense pending the outcome of Barber v. UNUM Life Insurance Co., 383 F.3d 134 (2004). Rejecting the reasoning of Rosenbaum II, the Court of Appeals held in Barber that Pennsylvania's bad faith statute did not fulfill the savings clause and thus is expressly preempted by ERISA.⁴  Barber, at 136. Thus, plaintiff's bad faith claim is preempted by ERISA.

Plaintiff nevertheless argues that his bad faith claim should not be dismissed. Specifically, plaintiff argues that although he "recognizes that current Third Circuit law . . . holds that bad faith claims brought pursuant to Pennsylvania law, are preempted by ERISA, under circumstances like those of the instant case[,] [p]laintiff disagrees with the reasoning of the courts cited by

---

³ In contrast, many other federal district courts in Pennsylvania have held that ERISA preempts Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371. See Barber v. UNUM Life Insurance Co., 383 F.3d 134, 138 n.4 (2004) (citing cases from Pennsylvania district courts which held ERISA preempts 42 Pa. C.S.§ 8371).

⁴In Barber, the Court of Appeals applied the Miller two prong test for determining if a statute "regulates insurance" and found that Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371, satisfied the first prong and failed the second. Barber at 141-144. Specifically, the Court held 42 Pa. C.S. § 8371 was (1) "specifically directed towards entities engaged in insurance," but (2) did not "substantially affect the risk pooling arrangement between the insurer and the insured." Barber at 143-144. Thus, Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371 does not "regulate insurance" under the savings clause, and, therefore, is expressly preempted under ERISA. Barber at 144.
    In addition, the Court of Appeals relied on Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), to hold that Pennsylvania's bad faith statute is conflict preempted by ERISA. In Aetna Health, the Supreme Court held that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Id. at ___, citing Pilot Life, at 54-56. In other words, conflict preemption applies to any "state cause of action that provides an alternative remedy to those provided by the ERISA civil enforcement mechanism." Barber at 140, quoting Aetna Health at *24 n.4. Therefore, the Court of Appeals concluded that "even if 42 Pa. C.S. § 8371 were found to 'regulate insurance' under the savings clause, it would still be preempted because the punitive damages remedy supplements ERISA's exclusive remedial scheme." Barber, at 141.

Defendant" and therefore requests that I issue a ruling consistent with <u>Rosenbaum II</u> and contrary to <u>Barber</u>.  (Pl.'s Resp. Mem., at 4-5).  It is improper to request a judge of this district to issue an opinion that is contrary to Third Circuit precedent that is directly on point, particularly when I placed this case in suspense pending the Court of Appeals decision on this very issue.

    Plaintiff's Counts I - IV, the state law claims of breach of contract, fraud and misrepresentation, violation of Consumer Protection Law, and bad faith, are expressly and/or conflict preempted by ERISA, and will be dismissed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GILBERTSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE CO. | : | NO. 03-5732 |
| OF AMERICA | : | |

ORDER

AND NOW, this 21st day of June 2005, upon consideration of defendant's motion to dismiss Counts I - IV, plaintiff's response, and for the reasons set forth in the accompanying memorandum, it is ORDERED that defendant's motion to dismiss Counts I - IV is GRANTED.

\_\_s/Thomas N. O'Neill, Jr. _____
THOMAS N. O'NEILL, JR., J.